Filed
12/21/2021 8:11 PM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2021CVA002348D4

2021CVA002348D4

CAUSE NO. _____

| | | |
|---|---|---|
| FERMIN ESCOTO | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | |
| | § | OF WEBB COUNTY, TEXAS |
| ALFREDO DEJESUS CRUZ and | § | |
| BLF TRANSPORTATION LLC | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES FERMIN ESCOTO, Plaintiff, complaining of ALFREDO DEJESUS CRUZ AND BLF TRANSPORTATION LLC, Defendants, and would show the Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff advises the Court and Defendant that this cause of action is governed by the rules for Expedited Actions under Texas Rules of Civil Procedure Rule 169.  Discovery is intended to be conducted under level 1 of Rule 190.2 of the Texas Rules of Civil Procedure.

### II.
### STATEMENT OF MONETARY RELIEF SOUGHT

2. Plaintiff is seeking only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs at this time.  Plaintiff reserves the right to amend this damage calculation as discovery

progresses. Plaintiff makes this damage calculation at this time pursuant to Rule 47 of the Texas Rule of Civil Procedure. Damages sought are within the jurisdictional limits of the court.

### III.
### PARTIES

3. Plaintiff **FERMIN ESCOTO** is an individual residing in Liberty County, Texas, and may be reached through the undersigned attorney.

4. Defendant **ALDREDO DEJESUS CRUZ** is an individual residing at 3917 Katiana Dr., Laredo, Texas 78046, and may be served with process therein, or wherever Defendant may be found.

5. Defendant **BLF TRANSPORTATION LLC** is Foreign Limited Liability Company. Service may be made upon Defendant BLF TRANSPORTATION LLC by serving its registered agent, GABRIEL MIRABAL at 10414 Gisela Ct., Fairdale, Kentucky 40118, or wherever the registered agent may be found.

### IV.
### JURISDICTION AND VENUE

6. The Court has subject-matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

7. Venue is proper in Webb County under Texas Civil Practice & Remedies Code section 15.002(a)(2) because Defendant ALFREDO DE JESUS CRUZ'S County of residence at the time this action accrued was in Webb County.

## V.
### VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR

8. Whenever it is alleged that the Defendant(s) did or failed to do anything in this petition, it is meant that the Defendant(s), acting by and through its agents, employees, principals and vice principals, acted or failed to act as alleged. Whenever it is alleged in this petition that any individual did or failed to do anything, it is meant that the individual acted or failed to act in the course and scope of his/her agency and/or employment with the named Defendant(s).

## VI.
### FACTS

9. Plaintiff would show that on or about September 9, 2021, Plaintiff was traveling on U.S. Highway 59 in Montgomery County, Texas, when Defendant ALFREDO DEJESUS CRUZ, while driving a vehicle during the course and scope of his employment for BLF TRANSPORTATION LLC, suddenly and without warning, failed to maintain a single lane of traffic, changed lanes when it was not safe to do so, failed to yield the right of way, and violently crashed into Plaintiff's vehicle. As a result of these events, Plaintiff suffered serious bodily injuries.

## VII.
## CAUSES OF ACTION

10. Plaintiff would show the Court that at the time and place of the collision hereinabove described, Defendant(s) was/were guilty of the following acts of negligence, to-wit:

    a) Failing to obey the traffic laws of the State of Texas.

    b) Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

    c) Failing to timely apply the brakes.

    d) Failing to take proper evasive action.

    e) Driver inattention.

    f) Failing to maintain a single lane of traffic.

    g) Changing lanes when it was not safe to do so.

    h) Failing to yield the right of way.

    i) Negligent hiring, training, retention, control, and supervision of Defendant ALFREDO DEJESUS CRUZ by Defendant BLF TRANSPORTATION LLC.

    j) Negligent entrustment by Defendant BLF TRANSPORTATION LLC of Defendant ALFREDO DEJESUS CRUZ.

Each of these acts and omissions of Defendant(s), singularly or in combination with others, were negligence, and were each and all a proximate cause of the accident made the basis of this lawsuit and of the injuries and damages suffered by Plaintiff.

## VIII.
## DAMAGES

11. As a direct and proximate result of the accident and such negligence as listed above, Plaintiff sustained and suffered damages as follows:

    a) Plaintiff has incurred reasonable and necessary medical expenses and in all reasonable probability such medical expenses will continue in the future;

    b) Plaintiff has experienced mental anguish in the past as a result of physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of these physical injuries;

    c) Plaintiff has experienced physical pain and suffering in the past as a result of injuries, and in all reasonable probability, will continue to sustain physical pain and suffering in the future as a result of these injuries;

    d) Plaintiff has experienced physical impairment or physical incapacity in the past as a result of this incident and, in all reasonable probability, will continue to experience physical impairment in the future;

    e) Plaintiff has experienced lost wages in the past as a result of this incident and, in all reasonable probability, will suffer loss of earning capacity in the future;

12. Plaintiff pleads for pre- and post judgment interest at the maximum legal allowable rate.

## IX.
## INITIAL DISCLOSURES

13. Pursuant to Rule 194.1(a) of the Texas Rules of Civil Procedure, Defendant(s) must disclose, within thirty days of filing an answer or general appearance, the information and materials described in Texas Rules of Civil Procedure 194.2, 194.3, and 194.4.

## X.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein and, that upon final trial, Plaintiff has judgment against Defendant for all damages proved, jointly and severally, all of which are within the jurisdictional limits of this Court, for costs of court, for prejudgment interest in accordance with the law and for interest on the judgment until the time the judgment is paid, and for such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**PM LAW FIRM**

/s/ John Papapavlou
John Papapavlou
Texas Bar No. 24059061
Porya Mostaghimi
Texas Bar No. 24065797
19333 Highway 59 N., Ste. 190
Humble, Texas 77338
Tel. (281) 968-9529
Fax (281) 520-4246
Email: john@pmtxlaw.com
Email: porya@pmtxlaw.com

**ATTORNEYS FOR PLAINTIFF**